Yikola **HISKAS**, Petitioner—Appellant,

v.

**C.K. PLILER**, Warden, Respondent—Appellee.

No. 06–16091.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Dec. 26, 2007.

Yikola Hiskas, Ione, CA, pro se.

Robert K. Crowe, Esq., Larkspur, CA, for Petitioner–Appellant.

Ann Patricia Wathen, Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: BRIGHT *, FARRIS, and THOMAS, Circuit Judges.

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit,

MEMORANDUM **

Yikola Hiskas appeals the district court's denial of his habeas corpus petition, arguing that the jury instructions used by the state trial court impermissibly lowered the requisite burden of proof. The state court of appeal rejected this challenge and upheld his conviction. *People v. Hiskas*, No. A097322, 2003 WL 21018410 (Cal.App. May 6, 2003). The court of appeal's rulings were not contrary to, and did not involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). We affirm.

The Due Process Clause of the Fourteenth Amendment requires the prosecution to prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [the defendant] is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). When analyzing the constitutionality of a jury instruction, the proper inquiry is whether there is a reasonable likelihood that the jury understood the instruction to allow conviction without proof beyond a reasonable doubt. *Victor v. Nebraska*, 511 U.S. 1, 6, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (citing *Estelle v. McGuire*, 502 U.S. 62, 72 & n. 4, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)). The sufficiency of the instructions must be considered "in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72, 112 S.Ct. 475 (citing *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)).

■ Hiskas first challenges the trial court's special instruction which provided: "Before you may consider whether evidence of an uncharged offense proves some element of a charged or lesser of-

fense, you must find that the uncharged offense has been proven by a preponderance of the evidence." Viewed in context, it is not reasonably likely that the jury convicted Hiskas on a preponderance standard. The instructions clearly state the purposes for which the uncharged offenses may be considered, and caution that, before the uncharged offenses may be considered, they must be proved by a preponderance of the evidence. The instructions make it clear that this "lower" preponderance standard applies because the jury is not being asked to determine if Hiskas was guilty of these offenses but, rather, whether the jury may consider these offenses as evidence that Hiskas committed the charged offense. The instructions ultimately clarify that Hiskas must be found guilty by the "higher" beyond a reasonable doubt standard. Further, in the context of the overall charge, the jury was instructed multiple times that it must find Hiskas guilty beyond a reasonable doubt and that his prior convictions could only be used for limited purposes.

■ Hiskas also argues that the prosecution's burden of proof was impermissibly lowered by the combined use of CALJIC 2.50.1 and 2.50.01. Hiskas relies primarily on *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir.2004), which granted habeas relief in a case where the jury was instructed with an old version of CALJIC 2.50.01.

The jury in Hiskas' case was instructed with a new version of CALJIC 2.50.01, which added the following paragraph:

> However, if you find by a preponderance of the evidence that the defendant committed a prior sexual offense, that is not sufficient by it self [sic] to prove beyond a reasonable doubt that he committed

sitting by designation.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the charged crimes or any lesser offense. The weight and significance of the evidence, if any, is for you to decide.

The California Court of Appeal held that this paragraph cures CALJIC 2.50.01 of constitutional defect. It tells the jury that it may not rest a conviction solely on evidence of prior offenses. Further, it "harmonizes" any contradiction between the preponderance and reasonable doubt standards by alerting the jury that evidence of a prior offense is "not sufficient by it self [sic] to prove beyond a reasonable doubt that he committed the charged crimes." *See Francis v. Franklin,* 471 U.S. 307, 322, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) ("Language that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity."); *Gibson,* 387 F.3d at 823. The court of appeal's conclusion was not contrary to, or an unreasonable application, of clearly established federal law.

**AFFIRMED.**